IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

WILLIAM DANIEL,

        Petitioner,

v.                                           CIVIL ACTION NO.  5:07-cv-00465
                                           and 5:07-cv-00577 (consolidated)

T. R. CRAIG,

        Respondent.

**MEMORANDUM OPINION**

By Order entered on March 7, 2008, the Court consolidated Petitioner's cases, Civil Action No. 5:07-cv-00465 and Civil Action No. 5:07-cv-00577, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.  By Standing Order entered on August 1, 2006, and filed in these cases on July 31, 2007, and September 17, 2007, these actions were referred to United States Magistrate Judge Mary E. Stanley for submission of proposed findings and a recommendation (PF&R).  Magistrate Judge Stanley filed her PF&R in Civil Action No. 5:07-cv-00465, on August 30, 2007 [Docket 24]. In that filing, the magistrate judge recommended that this Court: (1) find that Petitioner has failed to show that he faces a real and immediate threat of injury; (2) find that an inmate cannot bring an action for negligence, medical malpractice, or deliberate indifference as to his serious medical needs by filing an application for a writ of habeas corpus; (3) deny Petitioner's Motion for Emergency Injunction or Mandamus [Docket 14]; and (4) dismiss this action.

On September 26, 2007, Magistrate Judge Stanley filed her PF&R in Civil Action No. 5:07-cv-00577 [Docket 3]. Because Petitioner's allegations in this case were identical to those contained in his first petition, the magistrate judge made the same recommendations. For the reasons stated below, the Court adopts those recommendations.

## I. BACKGROUND

The full factual and procedural history of these cases is set forth in the September 26, 2007 PF&R. In short, Petitioner, *pro se*, filed these 28 U.S.C. § 2241 applications for a writ of habeas corpus alleging that he is likely to suffer irreparable harm unless the Court orders Respondent to transfer him immediately to a medical facility in the community. Petitioner alleges that he is not receiving the proper medical treatment while at FCI Beckley, and that the lack of treatment rises to the level of a constitutional violation.

After reviewing Petitioner's applications, Magistrate Judge Stanley conducted a status conference on the issue of Petitioner's medical condition and treatment and directed Respondent to file two status reports with the Court setting forth a variety of medical information. Relying on the information contained in those reports, the magistrate judge concluded that Petitioner did not meet the standard for the issuance of an injunction and proposed that this Court find that he may not bring suit under § 2241. Specifically, the magistrate judge suggested that because Petitioner is challenging the conditions of his confinement, namely his lack of medical treatment, the appropriate action addressing those claims would be a civil rights complaint pursuant to the holding in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) or an action under the Federal Tort Claims Act (FTCA). In accord with her proposed findings, the magistrate judge recommended that this Court dismiss Petitioner's applications.

## *II. STANDARD OF REVIEW*

This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a petitioner "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Here, objections to Magistrate Judge Stanley's PF&R in Civil Action No. 5:07-cv-00465 were due by September 17, 2008, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). On September 5, 2007, Petitioner filed a Motion for Transfer to a Medical Facility [Docket 26], and on the next day filed a Motion to Obtain Copies of the Transcript of the August 3, 2007 Hearing, the August 27, 2007 Objection to the Court's August 20, 2007 Order; and the Respondent's August 28, 2007, Status Report for Pre-Appellate Injunctive Relief Filings (Motion for Transcripts) [Docket 27], and a Motion to be Relived (sic) from the Operation of the Order of August 30, 2007 [Docket 28].

On September 17, the date objections were due in Civil Action No. 5:07-cv-00465, Petitioner filed a Motion for Extension of Time to File Objections [Docket 29] and a Motion for a Complete Copy of the Record [Docket 29]. Thereafter, on October 5, 2007, he filed his consolidated objections for both cases [Docket 30 in Civil Action No. 5:07-cv-00465 and Docket 4 in Civil

3

Action No. 5:07-cv-00577] (Petitioner's Objections). For good cause shown, Petitioner's motion for an extension of time is **GRANTED**, and the objections filed on October 5 are considered timely.[1]

### III. PETITIONER'S OBJECTIONS

Petitioner objects to the magistrate judge's finding that he is precluded from bringing this action under § 2241. He asserts that because he is challenging the execution of his sentence, specifically "the manner, location and conditions of the execution of his sentence[,]" § 2241 is appropriate. (Petitioner's Objections at 7.) Additionally, he argues that, given his medical condition, he should be transferred to a different facility because he is "in a facility that cannot provide necessary medical care and treatment, [which] violate[s] petitioner's constitutional rights." (*Id.*)

### IV. DISCUSSION

Contrary to Petitioner's argument, a § 2241 petition is used to attack the manner in which a sentence is executed, and is appropriate where a prisoner challenges the fact or length of his confinement, but generally not the conditions of that confinement. *See Preiser v. Rodriguez*, 411 U.S. 474, 499-500 (1973) (a civil rights action is a proper remedy for a prisoner challenging the conditions of confinement); *McIntosh v. U.S. Parole Cmm'n*, 115 F.3d 809 (10th Cir. 1997). Habeas relief under § 2241 "is appropriate only when a prisoner attacks the fact or duration of confinement; whereas, challenges to the conditions of confinement that would not result in a definite reduction in the length of confinement are properly brought [in a civil rights action.]" *Olajide v. B.I.C.E.*, 402 F. Supp. 2d 688, 695 (E.D. Va. 2005) (internal citations omitted). *See also Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005) (holding that an inmate challenging the conditions under which he is

---

[1] Objections to the PF&R in Civil Action No. 5:07-cv-00577 were due by October 15, 2007.

being held may not seek relief under § 2241); *Ajaj v. Smith*, 108 F. App'x 743, 744 (4th Cir. 2004) (noting that a § 2241 petition alleging constitutional violations at a federal prison was properly construed as a *Bivens* action). Accordingly, Petitioner's objection to the finding that § 2241 is not the proper avenue for his claims is unpersuasive and consequently **OVERRULED**.[2]

To the extent Petitioner objects to the magistrate judge's finding he has no right to be transferred to a medical facility, the Court notes that prisoners possess no such right. *See* 18 U.S.C. § 3621(b) (giving the BOP authority to decide place of incarceration); *Montanye v. Haymes*, 427 U.S. 236 (1976); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (prisoner has no constitutional right to be incarcerated in a particular prison); *United States v. Serafini*, 233 F.3d 758, 778 n.23 (3d Cir. 2000) (district court has no authority to dictate place of confinement). As such, any objection to this finding is also without merit and **OVERRULED**.[3]

Next, to the extent that Petitioner objects to the finding that his injunction was improperly denied, Magistrate Judge Stanley reviewed Petitioner's complaints about his medical treatment and concluded that he had not made the requisite showing that his confinement was either illegal or improper. (Docket 24 at 8.) In fact, the magistrate judge specifically found that "Petitioner has failed to show that he faces a real and immediate threat of injury, as required by *Los Angeles v. Lyons*, 461 U.S. 95, 102-06 (1983)." (*Id.*) Because Petitioner merely puts forth conclusory assertions that the PF&R is wrong, he has failed to direct the Court to a specific error in the

---

[2] Moreover, the Court rejects Petitioner's assertion that the Court is "more concerned with the money" than his health. The Court concern's is properly applying the law, which provides that a prisoner may not challenge the conditions of his confinement under § 2241.

[3] Because this objection is overruled, the pending Motion to Transfer to a Medical Facility [Docket 26] is **DENIED AS MOOT**.

magistrate's proposed findings and recommendations. *Orpiano*, 687 F.2d at 47. Accordingly, Petitioner has failed to meet his burden of showing the likelihood of irreparable harm to him if the preliminary injunction is denied. *Direx Isr., Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted). Because Petitioner has failed to make that showing, his objection is **OVERRULED**, and the Court **ADOPTS** the magistrate judge's recommendation and **DENIES** Petitioner's Motion for Emergency Injunction or Mandamus [Docket 14].[4]

With respect to Petitioner's Motion for Transcripts [Docket 27], and Motion for a Complete Copy of the Record [Docket 29], Petitioner's motions are **DENIED**. "There is no provision in [28 U.S.C. § 1915] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant." *Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993). If Petitioner requires copies of court documents, he should contact the Clerk of the Court to determine the proper method of requesting and paying for copies.

Finally, Petitioner requests that if his § 2241 petition is not proper, then the Court should "consider it what ever avenue as needed to provide" a remedy. (Petitioner's Objections at 4). However, Petitioner has not named the proper parties to convert his petitions into complaints under *Bivens*. *See Glaus*, 408 F.3d at 389-90. Thus, Petitioner is informed:

> (1) that the [C]ourt is not making a decision on the ultimate merit of the case; (2) that the prisoner may refile immediately under the proper legal label, subject to the normal rules such as those prohibiting frivolous lawsuits; and (3) that refiling under the proper label will probably have certain consequences.

---

[4] Like the previous objection, because this objection is overruled, the pending Motion for Reconsideration [Docket 28] is **DENIED AS MOOT**.

*Id.* In order to state a claim that detention conditions violate constitutional requirements, Petitioner must demonstrate "both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." *In re Long Term Admin. Segregation of Inmates Designated as Five Percenters*, 174 F.3d 464, 471 (4th Cir. 1999) (internal quotation marks and citation omitted). Petitioner's allegations fail to establish deliberate indifference on the part of Respondent. *See Coppage v. Mann*, 906 F. Supp. 1025, 1043 (E.D. Va. 1995) (holding that a supervisory prison official "cannot be held liable for the medical decisions made by his staff unless he independently demonstrated deliberate indifference[]"). If Petitioner wishes to refile, he must name the proper defendants. However, the Court cautions Petitioner, claims regarding a disagreement between an inmate and medical personnel over diagnosis or course of treatment and allegations of malpractice or negligence in treatment do not state cognizable constitutional claims under the Eighth Amendment. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985); *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). Furthermore, an inmate is not entitled to unqualified access to health care, rather, the right to medical treatment is limited to that treatment which is medically necessary and not to "that which may be considered merely desirable." *Bowring v. Godwin*, 551 F.2d 44, 47-48 (4th Cir. 1977).

## *V. CONCLUSION*

For the reasons discussed above, Petitioner's petitions are **DISMISSED WITHOUT PREJUDICE**, and Petitioner may refile his claims under the proper label.

A Judgment Order will be entered this day implementing the rulings contained herein.

ENTER: March 7, 2008

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE